NOT RECOMMENDED FOR PUBLICATION
File Name: 21a0161n.06

No. 19-2460

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**
Mar 25, 2021
DEBORAH S. HUNT, Clerk

DESHEILA HOWLETT,                          )
                                           )
    Plaintiff-Appellee,                   )
                                           )
                                           )   ON APPEAL FROM THE UNITED
v.                                         )   STATES DISTRICT COURT FOR
                                           )   THE EASTERN DISTRICT OF
CITY OF WARREN, MICHIGAN, et al.,          )   MICHIGAN
                                           )
    Defendants-Appellants.                )

O R D E R

Before: CLAY, McKEAGUE, and MURPHY, Circuit Judges.

The City of Warren, Michigan, and Warren police officers Lawrence Garner, Shawn Johnson, and Anwar Khan (collectively, "Defendants") appeal the district court's order partially denying their motion for summary judgment. Plaintiff DeSheila Howlett moved to dismiss, arguing that there was no final, appealable order and that this Court lacked jurisdiction under 28 U.S.C. § 1291. By an earlier order, we deferred ruling on Plaintiff's motion and permitted the parties to complete briefing the appeal.

Plaintiff was the first and only African American police officer in the history of the City of Warren. She claimed that she was subjected to severe racial and sexual harassment and discrimination throughout the decade she was employed by the City and that the City failed to protect her from this abuse. The complained-of conduct culminated in a February 1, 2017 incident when a female co-worker used "that nigger" in a conversation with Plaintiff to refer to an African American man who had recently scared her. Plaintiff did not return to work after that incident and filed this lawsuit two months later. She asserted causes of action under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, as well as 42 U.S.C. §§ 1981, 1983, and 1985. After an

extensive discovery process, Defendants, along with other former co-workers of Plaintiff's who have since been dismissed from the case, filed for summary judgment on all of Plaintiff's claims.

On September 16, 2019, the district court entered an order granting in part and denying in part Defendants' motion for summary judgment. As relevant here, the district court denied the motion as to Plaintiff's Title VII hostile work environment claims on the basis of race and sex. It also denied summary judgment on certain of Plaintiff's § 1983 equal protection claims, finding that she had met her burden to produce evidence that Defendant Johnson had intentionally discriminated against her on the basis of race and sex, that Defendant Khan had intentionally discriminated against her on the basis of sex, and that Defendant Garner had intentionally discriminated against her. The district court denied Defendant Khan and Defendant Garner's claims to qualified immunity and found that Defendant Johnson had not asserted the defense, considering it abandoned. The district court also found there was a genuine issue of material fact as to whether the City could be held liable for an unconstitutional policy or custom under § 1983 and *Monell v. Department of Social Services*, 436 U.S. 658 (1978), and denied summary judgment on that claim as well.

Ordinarily, we do not have jurisdiction to review a district court's order denying a motion for summary judgment on interlocutory appeal. *Johnson v. City of Saginaw*, 980 F.3d 497, 505 (6th Cir. 2020). There is a limited exception for appeals of denials of qualified immunity. *Marvaso v. Sanchez*, 971 F.3d 599, 604 (6th Cir. 2020). "Significantly, not all summary judgment orders denying qualified immunity are appealable." *Bomar v. City of Pontiac*, 643 F.3d 458, 461 (6th Cir. 2011). "Under the collateral order doctrine, we have jurisdiction over . . . interlocutory appeals of the district court's denial of qualified immunity to the extent they raise legal questions." *In re Flint Water Cases*, 960 F.3d 303, 322 (6th Cir. 2020). A summary judgment order that "determines only a question of 'evidence sufficiency,' *i.e.*, which facts a party may, or may not, be able to prove at trial," is not appealable. *Johnson v. Jones*, 515 U.S. 304, 313 (1995).

Defendants' appeal does not meet any exception to the final order rule, and their filings are completely devoid of any argument to that effect. Instead, not only do Defendants repeatedly and explicitly challenge the sufficiency of the evidence underlying Plaintiff's racial and sexual

discrimination claims, but they also appeal the denial of summary judgment on Plaintiff's Title VII and *Monell* claims against the City, which do not implicate qualified immunity. Defendants never suggest, let alone argue, that their qualified immunity appeals seek to resolve a legal question, and they only justify their appeal relating to the claims against the City by gesturing to "the crystallizing role of . . . Federal Rule of Civil Procedure 56." Defendants make no effort to address Plaintiff's well-founded concerns that this Court lacks jurisdiction over their appeal, but decided to devote much of their reply to accusing Plaintiff of various forms of litigation misconduct, including "duplicity" and "subterfuge" regarding her characterization of the proceedings before the district court.

Defendants' failure to address the jurisdictional issues with their appeal flagrantly disregarded our prior order, which warned that a defendant may not pursue an interlocutory appeal of a denial of qualified immunity that turns on a genuine issue of material fact. Rather than heeding this admonition and limiting their appeal to disputing the district court's resolution of the legal issues underlying their claims to qualified immunity, Defendants briefed "evidence sufficiency" challenges to the district court's qualified immunity determinations and pursued an appeal of the district court's denial of summary judgment on Plaintiff's Title VII and *Monell* claims against the City.

"If a court of appeals determines that an appeal is frivolous, it may, after a separately filed motion or notice from the court and reasonable opportunity to respond, award just damages and single or double costs to the appellee." Fed. R. App. P. 38. "Sanctions under Fed. R. App. P. 38 are appropriate when an appeal is wholly without merit and when the appellant's arguments essentially had no reasonable expectation of altering the district court's judgment based on law or fact." *Hogan v. Jacobson*, 823 F.3d 872, 886 (6th Cir. 2016) (quoting *Scherer v. JP Morgan Chase & Co.*, 508 F. App'x 429, 439 (6th Cir. 2012)). There is no "bad faith" requirement, but "we will usually impose Rule 38 . . . sanctions only where there was some improper purpose, such as harassment or delay, behind the appeal." *Id.* (alteration in original) (quoting *Barney v. Holzer Clinic, Ltd.*, 110 F.3d 1207, 1212 (6th Cir. 1997)).

Defendants' appeal was frivolous. This determination is informed by our decision in *McDonald v. Flake*, 814 F.3d 804 (6th Cir. 2016). That case also involved a fact-based challenge to a district court's denial of qualified immunity. *Id.* at 816. Similarly, the defendant municipality there, the City of Memphis, Tennessee, appealed the denial of summary judgment on the plaintiffs' *Monell* claim without making any serious argument that appellate jurisdiction was proper. *Id.* We found the appeal in *McDonald* "obviously without merit." *Id.* at 816–17.

*McDonald* also strongly suggests that Rule 38 sanctions may be appropriate in this case. After one of the defendants in *McDonald* filed a notice of appeal, the plaintiffs filed a motion in the district court to certify the appeal as frivolous. *Id.* at 810. While the district court denied the motion, it warned the defendant that the immediate appealability of an order denying qualified immunity required that the plaintiffs' version of the facts be accepted. *Id.* at 811. We found that "[t]he unmistakable futility of these appeals is compelling" because the plaintiffs' motion and the district court's order "expressly put the defendants on notice that they must accept the plaintiffs' version of the facts and argue only legal issues." *Id.* at 817. We concluded that "[t]his gross futility and the defendants' disregard for the warning necessarily influences our view of whether the defendants intended 'delay, harassment, or other improper purposes,'" and granted the plaintiffs' motion for sanctions under Rule 38. *Id.* (quoting *Bridgeport Music, Inc. v. Smith*, 714 F.3d 932, 944 (6th Cir. 2013)).

*McDonald* is indistinguishable from the case at hand, except that Defendants ignored our order explaining they may not pursue factual disputes on interlocutory appeal, rather than the district court's. It is not apparent how that distinction would affect our analysis since the "sole purpose of awarding attorney fees under Rule 38 is to discourage litigants from wasting this Court's time and the opposing party's resources with frivolous appeals." *Dubay v. Wells*, 506 F.3d 422, 433 (6th Cir. 2007).

Accordingly, it is ordered that appeal No. 19-2460 is **DISMISSED** for lack of appellate jurisdiction. However, we retain jurisdiction to consider whether sanctions are appropriate under Rule 38. *See Willy v. Coastal Corp.*, 503 U.S. 131, 138–39 (1992) (finding that even where a

federal court lacks jurisdiction over a case, it retains the power to impose sanctions for violations of federal rules).

Plaintiff may file an affidavit setting forth her reasonable costs and attorney fees incurred by this appeal no later than fourteen days after entry of this order. Defendants are **ORDERED TO SHOW CAUSE** why they should not be sanctioned for prosecuting a frivolous appeal under Rule 38 within fourteen days of Plaintiff's filing of such an affidavit, or twenty-eight days after entry of this order, whichever is earlier.

ENTERED BY ORDER OF THE COURT

Deborah S. Hunt, Clerk